UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-60964-CIV-COHN/SELTZER

S & J ROOFING CONTRACTORS and
JUAN CARLOS PEREZ,

    Petitioners,

v.

KATHERINE PATTERSON, FIELD OFFICE
DIRECTOR, USCIS, et al.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS
## PETITIONERS' AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Petitioners Juan Carlos Perez's and S & J Roofing Contractors' ("S & J's") Amended Complaint for Lack of Jurisdiction and Failure to State a Claim [DE 28] ("Motion to Dismiss"). The Court has considered the Motion to Dismiss, Petitioners' Response [DE 32], Defendants' Reply [DE 36], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On June 8, 2010, Mr. Perez, a native and citizen of Venezuela, filed his Complaint for Mandamus, Declaratory, and Other Relief Pursuant to the Administrative Procedures Act and Declaratory Judgment Act [DE 1] ("Original Complaint"). On December 6, 2010, the Court granted Defendants' first motion to dismiss [DE 22]. Thereafter, on December 9, 2010, S & J, Mr. Perez's employer, joined the action as a Petitioner, and the two Petitioners filed their Amended Complaint for Mandamus Declaratory, and Other Relief Pursuant to 28 U.S.C. §§ 1331, 1361 Administrative

Procedures Act ("APA") 5 U.S.C. § 702 et. seq.; Declaratory Judgment act, 28 U.S.C. §§ 2201 and 2202 [DE's 25, 26] ("Amended Complaint").

The Amended Complaint states that Mr. Perez entered the United States with his family on July 5, 2000. Am. Compl. ¶ 9.b. On April 7, 2003, S & J submitted an I-140 Petition for Immigrant Worker application for adjustment ("I-140 application") on behalf of Mr. Perez. Id. ¶ 9.c. On April 10, 2005, the United States Citizenship and Immigration Services ("USCIS") issued a Request for Initial Evidence ("RFE"), asking for clarification of the G-325A statement that Mr. Perez worked for S & J "from 1986 to present." Id. ¶ 9.d. According to the Amended Complaint, "On July 8, 2005, the Petitioner submitted his response to the RFE, stating that there was a typographical mistake on the G-324 because Petitioner was not even present in the United States before 2000."[1] Id. ¶ 9.e. On November 20, 2007, USCIS denied the I-140 application, stating "petitioner has not met the requirements set forth in 8 CFR 204.5(j). Id. ¶ 9; Exhibit A to Am. Compl. [DE 25-1] at 6. Thereafter, on February 8, 2008, Mr. Perez filed his I-485 application to have his immigration status adjusted to that of an alien lawfully admitted for permanent residence ("I-485 application") under Section 1 of the Cuban Adjustment Act, Pub. L. 89-732. Am. Compl. ¶ 9.k. On March 4, 2010, USCIS denied the I-148 application. Id. ¶ 9.l; Exhibit B to Am. Compl. [DE 25-2] at 2. The Amended Complaint alleges, "Petitioner never had the opportunity to rebut any of the findings in the I-140 denial," Am. Compl. ¶ 9.m, "[t]he I-140 denial points to

---

[1] The Amended Complaint is unclear whether Mr. Perez or S & J submitted this response regarding the typographical error, as the Amended Complaint merely states "the Petitioner submitted his response . . ." Am. Compl. ¶ 9.e. In certain parts of the Amended Complaint, Petitioners clarify which petitioner they are referencing, see, e.g., id. ¶¶ 9.c., 9.g., 9.p., but in other places, they use the confusing term, "Petitioner," see, e.g., id. ¶¶ 9.e., 9.f., 9.k., 9.l., 9.m.

2

inconsistencies which in no way rise to a level of fraud," id. ¶ 9.o., and "[t]here was no opportunity afforded the applicant, either at the consulate or in the RFE to rebut erroneous conclusions that were made by USCIS and the misleading facts represented by the consular investigation which was conducted by phone," id.

Based on these allegations, Petitioners' Amended Complaint requests that the Court find that S & J did not commit fraud or misrepresentations in its I-140 application, and grant any other relief the Court deems appropriate. Am. Compl. at 7. On December 27, 2010, Defendants moved to dismiss the Amended Complaint.

## II. LEGAL STANDARD

As courts of limited jurisdiction, federal courts may only hear cases that the Constitution and Congress have empowered them to resolve. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Furthermore, a claim cannot proceed in federal court if the petitioner does not have standing to bring the claim. Valley Forge Christian Coll. v. Am. United for Separation of Church & State, 454 U.S. 464, 471 (1982). A Rule 12(b)(1) motion to dismiss encompasses challenges based on both lack of subject matter jurisdiction and lack of standing. Fed. R. Civ. P. 12(b)(1); Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." (internal quotations omitted)). Unlike in a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, "no presumptive truthfulness attaches to a Petitioner's allegations." Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).

## III. ANALYSIS

Defendants request that the Court dismiss Petitioners' Amended Complaint because (1) Mr. Perez does not have standing to bring his claims and the Court does not have subject matter jurisdiction over Petitioners' claims, (2) Petitioners have failed to state a claim upon which relief can be granted, and (3) the Administrative Procedures Act ("APA") prohibits judicial review. As discussed below, because the Court finds that Mr. Perez does not have standing to bring his claims and the Court does not have jurisdiction over Petitioners' claims, the Court will dismiss Mr. Perez as an improper party and will dismiss the entire Amended Complaint for lack of subject matter jurisdiction. Accordingly, the undersigned does not reach the issues of whether Petitioners stated a claim upon which relief can be granted or whether the APA prohibits judicial review.

### A. Standing

A petitioner has standing to bring a claim when he establishes that: (1) he suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and (3) the injury will be redressed by a judgment in the petitioner's favor. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The "party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

Defendants request dismissal of the entire Amended Complaint based on the proposition that "[i]n an action seeking review of denial of an I-140 Petition, the prospective employer, and not the alien, is the proper party." Mot. at 11 (quoting George v. Napolitano, 693 F. Supp. 2d 125, 130 (D.D.C. 2010)). Here, S & J is the

prospective employer, and is therefore the proper party. See id.

The Amended Complaint names S & J as a petitioner, but Defendants nevertheless contend that joining S & J as a petitioner was improper because the joinder occurred after the deadline for joinder of additional parties. The Court's Scheduling Order [DE 17] originally set a November 12, 2010 deadline for joining parties and amending pleadings, but when the Court granted Defendants' first motion to dismiss, it allowed Mr. Perez until December 10, 2010 to file an Amended Complaint. See Order Granting Mot. to Dismiss at 2. Mr. Perez filed his Amended Complaint, joining S & J as a petitioner, on December 9, 2010. See Am. Compl. Therefore, the amendment was timely and the joinder was proper. Accordingly, because the prospective employer, S & J, is now a party to this action, Defendants' standing argument is irrelevant with respect to S & J, and the Court will not dismiss the entire Amended Complaint for lack of standing.

Yet, Mr. Perez does not have standing in this case because he is the alien, and not the prospective employer. See George, 693 F. Supp. 2d at 130. An alien beneficiary of an employer's I-140 application does not have standing to challenge the I-140 application's denial. See id.; see also 8 CFR § 103.3 ("person or entity with legal standing in a proceeding . . . does not include the beneficiary of a visa petition"); Blancher v. Ridge, 436 F. Supp. 2d 602, 606 n.3 (S.D.N.Y. 2006). Therefore, though the Court will not dismiss the entire Amended Complaint for lack of standing, the Court will dismiss Mr. Perez from the action because he does not have standing to bring the claim alleged in the Amended Complaint.

## B. Subject Matter Jurisdiction

Defendants also seek dismissal of the entire Amended Complaint because, they argue, the Immigration and Nationality Act ("INA"), as amended by the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(B), prohibits judicial review of S & J's I-140 application. According to the INA, a denial of discretionary relief is not subject to judicial review. 8 U.S.C. § 1252(a)(2)(B). Specifically,

> Notwithstanding any other provision of law (statutory or nonstatutory), including . . . section[] 1361 [of Title 28]. . . , no court shall have jurisdiction to review--
> (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . .

8 U.S.C. § 1252(a)(2)(B). The language "specified under this subchapter" refers to Subchapter II of Chapter 12, 8 U.S.C. §§ 1151-1378. See Zafar v. U.S. Attorney Gen., 461 F.3d 1357, 1361 (11th Cir. 2006). This subchapter includes USCIS's discretionary authority to grant visas to aliens pursuant to multinational executives and managers, because that authority arises from 8 U.S.C. § 1153(b)(1)(C). Thus, § 1252(a)(2)(B) precludes judicial review of USCIS's discretionary decisions, including I-140 application denials. See id. § 1252(a)(2)(B)(ii). Cases in this district "have consistently held that this Court lacks jurisdiction to consider a challenge to a discretionary act such as the adjudication of an I-140 petition—and indeed, that Congress has affirmatively divested the federal courts of such jurisdiction." Bathazi v. U.S. Dep't of Homeland Sec., 667 F. Supp. 2d 1375, 1377 (S. D. Fla. 2009) (citing § 1252(a)(2)(B)(ii); see also Grinberg v. Swacina, 478 F. Supp. 2d 1350, 1353 ("Section 242(a)(2)(B)(ii) of the INA further

6

supports the proposition that Congress intended to divest courts of jurisdiction to review USCIS matters"). Because the Court can only hear cases Congress has empowered it to resolve, see 13 Wright, Miller & Cooper § 3522, the Court must decline to review USCIS decision to deny S & J's I-140 application.

Petitioners do not suggest otherwise. Rather, in their Response, Petitioners contend for the first time, that they are challenging USCIS's denial of Mr. Perez's I-484 application, rather than S & J's I-140 application. Resp. at 1. Though the factual allegations contained in the Amended Complaint mention that Mr. Perez's I-485 application was denied, and reference "numerous in-depth misrepresentations and exaggerated managerial or executive qualifications which [Mr. Perez] did not possess in regards to Petitioner's I-140 application," Am. Compl. ¶ 9.I, Petitioners seek no relief with respect to the I-485 application or its denial. Rather, the Amended Complaint merely seeks a determination "that Petitioner, S & J Roofing did not commit fraud or misrepresentation on its I-140 application." Am. Compl. at 7 ("Prayer for Relief").

Accordingly, as the Court does not have jurisdiction to review USCIS's decision to deny S & J's I-140 application, the Court will dismiss the Amended Complaint for lack of jurisdiction. Petitioners may file a Second Amended Complaint, but the Court cautions that the amended pleading must specify which Petitioner it references rather than using the ambiguous term "Petitioner," and must state a claim upon which relief can be granted.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Petitioners' Amended Complaint for Lack of Jurisdiction and Failure to State a Claim [DE 28] is **GRANTED**;

2. Petitioners' Amended Complaint for Mandamus Declaratory, and Other Relief Pursuant to 28 U.S.C. §§ 1331, 1361 Administrative Procedures Act ("APA") 5 U.S.C. § 702 et. seq.; Declaratory Judgment act, 28 U.S.C. §§ 2201 and 2202 [DE's 25, 26] is **DISMISSED without prejudice**;

3. Petitioners may file a Second Amended Complaint by no later than **March 30, 2011**;

4. **Failure to file a Second Amended Complaint by this deadline may result in the dismissal of this action with prejudice and the closing of this case.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 16th day of March, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

8